IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TONY MOTEN PAYNE,**

       **Plaintiff,**

       **vs.**                          **CIVIL ACTION**
                                         **No. 10-3177-SAC**

**ROGER WERHOLTZ, et al.,**

       **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. The court has examined the record and grants leave to proceed in forma pauperis.

Because plaintiff commenced this action while incarcerated, the court has conducted an initial review of this matter pursuant to 28 U.S.C. § 1915A, which allows the sua sponte dismissal of claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

Plaintiff alleges his rights under the First and Fourth Amendments were violated by delays in processing two items of his personal mail, namely, letters from his fiancee. Each delay

was, at most, two weeks.[1]

"Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech," *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996); however, due to security implications, the management of inmate correspondence is recognized as a necessary component of prison administration. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989).

Generally, prison authorities must process incoming and outgoing mail promptly. *See, e.g., Nicholson v. Choctaw County,* 498 F. Supp. 295 (S.D. Ala. 1980). However, delays that are not a product of intentional interference or a large-scale breakdown in a prison's mail system do not violate a prisoner's constitutional rights. *See Smith v. Maschner,* 899 F.2d 940, 943-44 (10th Cir. 1990)(three-week delay in delivery of mail, with no evidence of an improper motive, not a constitutional violation); *Crofton v. Roe,* 170 F.3d 957, 961 (9th Cir. 1999)(temporary delay or isolated instance of delay not a First Amendment violation; policy of sending incoming publications through property room was reasonably related to screening mail for contraband); *Armstrong v. Lane,* 771 F. Supp. 943 (C.D. Ill. 1991)(unintentional loss and delays in handling prisoner's mail,

---

[1] Plaintiff states he received a letter mailed June 9 on June 25, and received a letter mailed June 15 on June 29.

"while understandably frustrating ... fail to rise to the level of a constitutional violation").

Likewise, the Fourth Amendment's prohibition of unreasonable search and seizure does not shield a prisoner's incoming mail from review. *United States v. Gordon,* 168 F.3d 1222, 1228 (10th Cir. 1999)(there is no reasonable expectation of privacy in prisoner's mail and monitoring "is essentially an administrative matter in which the courts will not intervene")(citation omitted)).

Thus, plaintiff's bare claim that he received two items of personal correspondence approximately two weeks after they were mailed is insufficient to state a claim under § 1983 and this matter must be dismissed.[2]

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions for leave to proceed in forma pauperis (Docs. 2 and 4) are granted.

---

[2] In addition, plaintiff's claims against defendants Werholtz and Cline are subject to dismissal, as plaintiff has identified no personal participation by these supervisory personnel. *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 120 S.Ct 1937, 1948 (2009)(vicarious liability does not apply to an action under § 1983; rather, a plaintiff must allege that each government official named as a defendant violated the Constitution by the official's own actions). Finally, to the extent plaintiff seeks relief for emotional harm, his claim is barred by 42 U.S.C. § 1997e(a), which prohibits a prisoner from bringing a federal action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 18th day of October, 2010.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge